IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    ) Chapter 7
ELAINE KING,                        )
                                    ) Bankruptcy No. 10-03268
         Debtor.                    )

### ORDER RE MOTION TO AVOID JUDICIAL LIEN
### OR SECURITY INTEREST

This matter came before the undersigned for hearing on April 13 and April 22, 2011. Attorney Wallace Parrish represented Debtor Elaine King. Attorney Stephanie Hinz represented creditor Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto ("Wells Fargo"). After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(K).

### STATEMENT OF THE CASE

Debtor seeks to avoid a lien on her 2003 Honda Pilot automobile under section 11 U.S.C. § 522(f)(1)(B). Creditor Wells Fargo objects, arguing that Debtor's use of the car as transportation to and from her job does not justify lien avoidance under the Bankruptcy Code as the vehicle is not a "household good" or a "tool of the trade."

### FINDINGS OF FACT

Both parties agree that Wells Fargo has a nonpurchase-money security interest in the Honda. Debtor argues that she can avoid the lien under § 522(f)(1)(B) because the car is necessary to transport her to and from her job at a local school. She claims the vehicle is also necessary to transport her to Hawkeye Community College where she earns credit to maintain her status as a school employee. Statements made at the April 22 telephonic hearing indicate that Debtor is a "teachers' aide." Debtor's Chapter 7 petition (Schedule I), however, indicates that Debtor is employed as a janitor. This Court finds that Debtor's position at the

school is ambiguous. It concludes, however, that the result is the same for either occupation.

Debtor asserts that her position at the school imposes upon her a special responsibility to be at work on days when the weather is inclement and others are unable to get to the school. She claims this special responsibility mandates that she have a reliable vehicle. Debtor also claims that if she loses her automobile, she will lose her job.

Creditor Wells Fargo argues that Debtor's arguments are not a basis under which she can avoid the lien on her Honda. Wells Fargo argues the vehicle is not a "household good," pursuant to § 522(f)(4)(B)(v), and is not a "tool of the trade" under § 522(f)(1)(B).

## CONCLUSIONS OF LAW

When a debtor has voluntarily granted a security interest in an asset, the debtor's interest in that asset is subject to the interest of the security lien holder. Iowa Code § 554.8203(6). A debtor in bankruptcy, however, can avoid a lien under § 522(f)(1), which states:

> [A] debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(B) a nonpossessory, nonpurchase-money security interest in any (i) . . . household good . . . [or] (ii) implements, professional books, or tools of the trade of the debtor.

11 U.S.C. § 522(f). Under Iowa law, a motor vehicle may not be exempted as a "tool of the trade." In re Cleaver, 407 B.R. 354, 351 (B.A.P. 8th Cir. 2009); In re Van Pelt, 83 B.R. 617, 619 (Bankr. S.D. Iowa 1987). Both Debtor and Wells Fargo concede, however, that the Honda is exempt as a "motor vehicle" under section 627.6(6) of the Iowa Code. Recently, the Eighth Circuit B.A.P. resolved a 20-year Iowa bankruptcy court split regarding "whether a debtor can exempt a vehicle under state law and avoid the lien as a tool of the trade under federal law, where the vehicle could not be considered a tool of the trade under state law." Cleaver, 407 B.R. at 358 (following the Northern District in resolving the split between the Southern District's holding in Van Pelt and the Northern District's holding in In re Graettinger, 95 B.R. 632 (Bankr. N.D. Iowa 1988) (Melloy, J.)). The Eight Circuit B.A.P. cited the Supreme Court decision, Owen v. Owen, 500

U.S. 305, 306 (1991), in holding that regardless of whether property is exempt under state law, the court must look to federal bankruptcy law to determine whether the lien may be avoided in bankruptcy.  Cleaver, 407 B.R. at 359-360.

Wells Fargo correctly points out that § 522(f)(4)(B)(v) of the Bankruptcy Code prohibits a motor vehicle from being classified as a household good for the purposes of lien avoidance under § 522(f)(1)(B)(i).  11 U.S.C. § 522(f)(4)(B)(v).  Thus, the only remaining issue in this case is whether the lien on Debtor's 2003 Honda Pilot can be avoided as a lien on a "tool of the trade" under § 522(f)(1)(B)(ii).

The Eighth Circuit formulated a test to determine what constitutes a "tool of the trade" under federal law in In re LaFond, 791 F.2d 623 (8th Cir. 1986).  For lien avoidance purposes, the test to be applied is "the reasonable necessity of the item to debtor's trade or business."  Id. at 627.  In making that determination, courts should consider (1) "the intensity of a debtor's past [business] activities" (2) "the sincerity of [the debtor's] intentions to continue [the business]" and (3) evidence that the debtor is "legitimately engaged in a trade which currently and regularly uses the specific implements or tools . . . on which lien avoidance is sought."  Id. at 626 (citations omitted).

This Court has applied the LaFond test on numerous occasions.  In Graettinger, this Court held that a debtor's pickup was essential to carry on his business of selling and delivering grain bins and was therefore a tool of the trade for purposes of lien avoidance under § 522(f)(2)(B).  Graettinger, 95 B.R. at 635-36.  This Court held in In re Vesely that a vehicle will be considered a tool of the trade where a debtor is "uniquely dependent" on the automobile to carry on a business, such as a traveling salesman or a traveling youth minister.  In re Vesely, No. L-90-00583W, slip op. at 2-3 (Bankr. N.D. Iowa December 4, 1990) (Melloy, J.) (holding that a Young Life youth minister's vehicle which he used primarily to travel across the state to perform ministry services was a tool of the trade).  This Court has also held that a debtor's automobile used to pick up supplies and VCRs for her home VCR repair business was not a tool of the trade, where pick-ups and deliveries could be scheduled during times when her husband's vehicle was available, and where the failing VCR business contributed little to the overall income of the debtors.  In re Waterman, No. 95-61657KW, slip op. at 4 (Bankr. N.D. Iowa February 2, 1996) (distinguishing between pickup trucks and automobiles, and noting debtors' vehicles were used for personal transportation and not specifically outfitted to perform trade duties).

3

It is fairly well settled that a car only used for commuting purposes cannot be considered a tool of debtor's trade.  Id.; see also In re Montano, 98 B.R. 390, 391-92 (Bankr. N.D. Ill. 1989) (holding that a car can only be claimed as an exempt tool of the trade if it is used in the debtor's trade for which it is considered a "tool," and not just a means of transportation); In re Langley, 21 B.R. 772, 773-75 (Bankr. D. Me. 1982) (holding so under Maine law, even though no other means of transportation were available for the debtor to get to his job as an obstetrician-gynecologist physician, and even though the debtor's vehicle was equipped with snow tires that enabled him to attend emergency calls when the weather was bad); In re Damron, 5 B.R. 357, 358 (Bankr. D. Ky. 1980) (noting that once a debtor clocks into work, a car that sits idle in the parking lot cannot be considered a tool of the trade related to a debtor's occupation).

In the present case, Debtor has not shown how her 2003 Honda Pilot furthers her trade or occupation as a school employee.  Her position is limited to her claim that she cannot get to her job or training without the use of her car.  Debtor's special responsibility of getting to the school even when the weather is poor does not provide a basis for lien avoidance.  This holding applies regardless of whether her Debtor is employed as a teachers' aid or a janitor.  The Court recognizes that Debtor's arguments have emotional appeal and the possibility of not having a car will have adverse consequences.  Debtor's position, however, is not supported by existing law.  Therefore, this Court finds that Debtor's 2003 Honda Pilot is not a "tool of the trade" for lien avoidance purposes under § 522(f)(1)(B)(ii).

**WHEREFORE**, Debtor's Motion to Avoid Judicial Lien or Security Interest is DENIED.

Dated and Entered: May 5, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4